## DUCLOS v. KELLEY.

(Supreme Court, Appellate Division, Third Department.    November 13, 1907.)

Justices of the Peace—Appeal—Dismissal.

On an appeal from a Justice's Court to the County Court the return was lost; but appellant moved for leave to file copies of the pleadings, and the court ordered that they be filed and stand in place of the original pleadings, etc., and that the appeal proceed, etc. Thereafter the appeal was dismissed, without notice of settlement, on the ground that no return had been filed. The order did not recite the restoration order, or the fact that the pleadings had been restored, and a motion to resettle the order so as to specify the restoration order, and the papers used and read on the application therefor, was denied. The order of restoration and the papers on which it was granted were referred to in the arguments on the motion to dismiss, and the court expressed a doubt as to its power in granting the restoration order. *Held*, that the restoration order and exhibits filed as and for the return were before the court and used on the motion to dismiss the appeal, and, under rule 3 of the general rules of practice, should have been recited in the order of dismissal.

Appeal from Essex County Court.

Action by Francis Duclos against Solomon Kelley. From an order of the County Court, refusing to resettle an order dismissing an appeal from Justice's Court, defendant appeals. Reversed.

The plaintiff recovered a judgment in Justice Court for $200 damages and $4.55 costs, and the defendant appealed for a new trial in the County Court. When the case was moved for trial at a term commencing December 18, 1905, it was discovered that the return had been lost, and the plaintiff moved to dismiss the appeal, upon the ground that there was no return, as required by section 3053 of the Code of Civil Procedure. The motion was denied, with leave to the defendant and appellant to take such steps as he might think advisable for the discovery or restoration of the record. The defendant availed himself of this privilege, and made a motion for leave to file copies of the pleadings in the place and stead of the lost originals. The motion was argued, and an order was made on the 17th day of March, 1906, which ordered and directed that the copy of the complaint and answer, attached to the petition of the defendant and appellant, and the copy of the amended complaint, attached to the affidavit of the plaintiff and respondent, "be filed in Essex county clerk's office as and for, and in the stead and place of, the original summons, complaint, and answer in the above-entitled action, forming part of the justice's return therein, and stand and be used and treated on the appeal to this court as the original pleadings in said action, in the place and stead of the lost pleading therein, and be treated as though filed in said county clerk's office as the return made in said action by the justice of the peace before whom the original trial was had"; and it was further ordered "that the proceedings on appeal in the above-entitled action shall proceed in all respects upon such substituted and restored record as though the original return of the justice of the peace had not been lost, but had been filed in the county clerk's office of Essex county by said justice before whom the original trial was had, as required by law." The case being upon the calendar for the term of the County Court commencing June 25, 1906, a motion was made on behalf of the respondent to dismiss the appeal on the ground that no return had been filed as required by section 3053 of the code. The motion was granted, and an order was entered dismissing the appeal without notice of settlement. This order did not recite or refer to the order of March 17th, or, to the fact that the pleadings had been restored and the record of the appeal supplied as required by said order. The defendant appealed to this court, and thereafter made an application to the County Court to resettle the order appealed from, so as to include or specify the order of the 17th of March and the papers used or read on the application for that order. The application for resettlement was denied, and it is from the order denying such resettlement that this appeal is taken.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

C. J. Vert, for appellant.
A. W. Boynton, for respondent.

SEWELL, J. It is undisputed that the order of the 17th of March and the papers upon which it was granted, including the exhibits filed as therein directed, were referred to upon the argument and presented to the court by the defendant's counsel in opposition to the motion, and it appears by the affidavit of the plaintiff's counsel, used and filed in the motion for resettlement, that upon the argument the county judge suggested to defendant's counsel that he doubted his power to grant the order of March 17th. This serves to show that the order of the 17th of March and the exhibits filed as and for the returns were before the court, and were considered and used on the motion to dismiss the appeal. This being so, the appellant was entitled, under rule 3 of the general rules of practice, to have them recited in that order.

It follows that the order should be reversed, with $10 costs and disbursements. All concur.